**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

SONNY M. DAVIS,                    )
                                   )
                Petitioner,        )
                                   )    CAUSE NO. 3:17-CV-169 RL
        vs.                        )
                                   )
SUPERINTENDENT,                    )
                                   )
                Respondent.        )

<u>**OPINION AND ORDER**</u>

Sonny M. Davis, a *pro se* prisoner, filed a habeas corpus petition challenging his conviction in Marion Superior Court. (DE 1.) Pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, the Court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" For the reasons stated below, the petition (DE 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and the petitioner is **DENIED** a certificate of appealability.[1]

Following a trial, Davis was convicted of burglary, robbery, aggravated battery, criminal confinement, intimidation, and criminal recklessness. (DE 4 at 1.) He was sentenced to an aggregate prison term of 50 years. (Id.) He appealed, but the Indiana Court of Appeals affirmed in all respects. Davis then

---

[1] Davis recently filed a motion (DE 5) requesting that a certified copy of the state court docket be sent here. However, that request is unnecessary as this case is being dismissed without prejudice.

sought transfer with the Indiana Supreme Court. However, that, too, was denied. On November 15, 2004, Davis filed a petition for post-conviction relief in the state trial court. (Id. at 2.) At present, the petition remains pending. (Id.)

In February 2017, Davis filed a federal habeas petition challenging his conviction. He acknowledges that his state post-conviction petition remains pending, but argues that the Court should waive the exhaustion requirement in his case. (Id. at 3, 5.)

Davis's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits, the Court must ensure that the petitioner exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus . . . is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court

system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted). Until exhaustion has occurred, federal habeas relief is unavailable. *Id.*

Here, Davis acknowledges that he has not yet exhausted his state court remedies, but again argues that he should be excused from the exhaustion requirement. In rare instances, federal courts may dispense with the exhaustion requirement because excessive delay on the part of the state has led to injustice to the petitioner. *Granberry v. Greer*, 481 U.S. 129, 135-36 (1987); *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). To qualify for this exception, the delay must be both "inordinate" and "unjustifiable." *Jackson*, 112 F.3d at 881. Thus, where a petition for post-conviction relief had "lain dormant" for more than three years, the Seventh Circuit found grounds to excuse the exhaustion requirement, unless the state could show that the delay was justified. *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981); *see also Jackson*, 112 F.3d at 878-79 (stating in *dicta* that state's failure to take any action on post-conviction petition for more than five years could provide grounds for excusing the exhaustion requirement); *See also Sceifers v. Trigg*, 46 F.3d 701, 703-704 (7th Cir. 1995) (Holding that an eleven year delay caused by the petitioner and his counsel did not justify excusing the need to first exhaust claims in state court.)

Davis's case does not fall into this exceptional category. Even though he filed his post-conviction petition more than 12 years ago, which is an inordinate delay, there is no indication that this delay was unjustifiable or that his post-conviction petition has laid dormant. Upon careful review of the thirty page state court online docket, it is clear that the twelve year period has been very active and most of the delay is attributable to Davis. https://public.courts.in.gov/mycase#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik1HUXpORE15TnpFeE1qTXdPakEwT0RnME1UWXhaVEk9In19 (last visited on March 20, 2017). Indeed, Davis has sought and received more than twenty (20) continuances since filing his post-conviction petition. He has also amended his post-conviction petition twice, most recently in March 2016. In that time, the court has been quite busy, ruling on various motions and entering numerous orders. Davis has also sought various forms of relief in the state appellate courts, and those requests were ruled on as well. Although Davis would obviously prefer that the case move more quickly, the record reveals that this case has taken an inordinate amount of time due to Davis's own actions; not because of any unjustifiable delay or injustice that would excuse his failure to exhaust.

Therefore, Davis's petition is subject to dismissal. The Court should consider staying rather than dismissing a habeas petition containing unexhausted claims when it would be too late for the petitioner to return to federal court, such that a dismissal would

"effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (2006). Here, the Indiana Supreme Court denied transfer on March 8, 2004. Therefore the 1-year statute of limitation began on June 8, 2004, when the time for filing a petition for certiorari expired. 28 U.S.C. § 2244(d)(1)(A). However, it was then tolled on November 15, 2004, when the post-conviction petition was filed. 28 U.S.C. § 2244(d)(2). Because the statute of limitation will not re-start until the conclusion of the post-conviction proceeding and appeals, a stay is not necessary in this case. Here Davis will have nearly seven (7) months to file a habeas corpus petition after the end of his state post-conviction case. Therefore a stay is not warranted since he has sufficient time to return to federal court once the post-conviction proceedings have concluded. Accordingly the petition will be dismissed, but the dismissal will be without prejudice to Davis's right to pursue federal habeas relief after he has exhausted all available state court remedies.

As a final matter, pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). When the court dismisses the petitioner's claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484-85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, only one component needs to be addressed if it will resolve the issue. *Id.* at 485.

As explained above, Davis has not yet exhausted his state court remedies, and so his petition must be dismissed. A dismissal without prejudice for failure to exhaust state court remedies is not an appealable order, unless the petitioner would be time-barred or otherwise precluded from returning to federal court after exhausting his state court remedies. *Dolis*, 454 F.3d at 723; *Moore v. Mote*, 368 F.3d 754 (7th Cir. 2004). That issue is not presented here, and so the dismissal order would not be appealable. Moreover, nothing before the court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason

to encourage Davis to proceed further without first exhausting his state court remedies.

For these reasons, the petition (DE 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and the petitioner is **DENIED** a certificate of appealability.

DATED: March 21, 2017       /s/RUDY LOZANO, Judge
                                 United States District Court